# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-5537 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

## M E M O R A N D U M

**STENGEL, J.**  October 27, 2010

Jerome Vincent Johnson filed this *pro se* action presumably pursuant to 42 U.S.C. § 1983 against Delaware County and its Office of Probation and Parole.[1] The complaint alleges only that Mr. Johnson "was incarcerated on a parole violation after all parole time had already been served. [He] was subjected to a warrant time also." See Compl. at 3. Mr. Johnson seeks monetary relief in the amount of $10 million. The defendants have filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Mr. Johnson has not responded to the motion, and the time to do so has expired. For the following reasons, I will grant the motion in its entirety, and enter judgment in favor of the defendants.

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The applicable standard

---

[1] The Office of Probation and Parole is not a separate legal entity, and cannot be sued under § 1983. See Simpson v. City of Coatesville, 2010 U.S. Dist. LEXIS 77496 at *25-26 (E.D. Pa. July 28, 2010); see also Gregg v. Pettit, 2009 U.S. Dist. LEXIS 1459 at *9 (W.D. Pa. Jan. 8, 2009); Schneyder v. Smith, 2007 U.S. Dist. LEXIS 1895 at *5 n.7 (E.D. Pa. Jan. 9, 2007). Accordingly, I will dismiss it as a defendant in this action.

on a motion for judgment on the pleadings is the same as the standard applied to a motion filed pursuant to Rule 12(b)(6).  Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004)).  Such a motion cannot be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law."  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-291 (3d Cir.1988)).  In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party.  Id.  Because Mr. Johnson is proceeding *pro se*, his complaint should be construed liberally.  See Hartmann v. Carroll, 492 F.3d 478, 482 n.8 (3d Cir. 2007).  I am obligated to construe all the allegations in such a complaint in favor of the *pro se* litigant.  Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997).

This action is the most recent in a series filed in this district by Mr. Johnson against various defendants, including Delaware County (03-3311 and 07-2335); the George Hill Correctional Facility (07-2334 and 07-2336); Philadelphia County, its prison, and its probation/parole office (09-5482); various state judges (07-2335); and the Pyramid Prep Program (07-2348).  These civil cases were all dismissed with prejudice after Mr. Johnson failed to take advantage of the leave granted him to cure various deficiencies in the original complaints.

One of these dismissed cases seems to arise from the same events alleged in the

complaint currently before me. In Johnson v. Delaware County, et al., 07-cv-2335, Mr. Johnson alleged, "On July 03 case was settled with full settlement, which included nolle pros (not to prosecute) and the defendants did continue to prosecute with parole which I'm still on . . ." On June 20, 2008, I granted Mr. Johnson leave to file a more definite statement of the case against Defendant Delaware County, advising him that his case would be dismissed with prejudice if he failed to file an amended complaint within twenty days. Because Mr. Johnson did not comply, I dismissed with prejudice the action against Delaware County on August 19, 2008. Well over a year later, Mr. Johnson filed the current complaint again complaining that Delaware County incarcerated him on a parole violation after all parole time had been served. Unfortunately, this action is barred by the doctrine of *res judicata*.

A judgment in a prior suit involving the same parties, or parties in privity with them, bars a subsequent suit on the same cause of action. CoreStates Bank, NA v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999) (*res judicata* acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them). Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the Order had been entered after trial. Gambocz v. Yelencsics, et al., 468 F.2d 837, 840 (3d Cir. 1972). Here, Mr. Johnson is attempting to bring a claim which he has previously and unsuccessfully asserted against Delaware County. Because the former claim was dismissed with prejudice, Mr. Johnson is barred from having the current claim heard

3

again on the merits.

In conclusion, the defendants have established that they are entitled to judgment as a matter of law. Accordingly, I will grant their motion in its entirety.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-5537 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

## O R D E R

**AND NOW,** this   27th   day of October, 2010, upon consideration of the defendants' uncontested motion for judgment on the pleadings (Document #11), IT IS HEREBY ORDERED that the motion is GRANTED in its entirety.

The Clerk of Court is directed to mark this case CLOSED for all purposes.

BY THE COURT:

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME VINCENT, JOHNSON** | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 09-5537 |
| | : | |
| **DELAWARE COUNTY, et al.,** | : | |
| Defendants | : | |

## O R D E R   O F   JUDGMENT

**AND NOW,** this   27th   day of October, 2010, in accordance with my Order granting the defendants' motion for judgment on the pleadings, and in accordance with Federal Rule of Civil Procedure 58, judgment is hereby entered in favor of the defendants, and against the plaintiff.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.